# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMETRIA KALODIMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-01321 |
| ) | |
| MEREDITH CORPORATION, ) | Judge Campbell |
| ) | Magistrate Judge Brown |
| Defendant. ) | |
| ) | JURY DEMAND |

## AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Plaintiff Demetria Kalodimos and Defendant Meredith Corporation ("Meredith") (collectively, the "Parties") have stipulated, through their respective counsel, to the entry of this Agreed Protective Order Regarding Confidentiality ("Protective Order"):

1.

During the course of discovery, Meredith may identify and agree to produce documents, ESI, or other materials (collectively, the "Materials") containing certain policies, trade secrets and other confidential and proprietary information relating to the business or operations of the Parties. Moreover, during the course of discovery, Meredith may also identify and/or agree to produce Materials containing confidential and personal information pertaining to individuals who are not parties to this lawsuit, including without limitation current or former employees of Meredith. The purpose of this Protective Order is to ensure that such information is restricted to persons involved with this litigation. Accordingly, Materials containing information identified in this Paragraph are subject to the provisions of this Protective Order.

If any Materials produced during this litigation contain personal, confidential, or proprietary information of the Parties, or information relating to Meredith's current and former employees, the producing party (including any third party producing such documents) may designate the Materials as "CONFIDENTIAL." Additionally, the non-producing party may designate any Materials as "CONFIDENTIAL" within a reasonable period of time following receipt of the document, under the circumstances. Any Materials so designated shall not be disclosed to any person except as permitted by this Protective Order. The designation of any Materials as confidential shall be made in good faith. The fact that information or material has been designated CONFIDENTIAL is not determinative of whether such information is, in fact, entitled to be designated as such. The confidentiality of any Materials designated as such shall be maintained until the Court orders otherwise.

In the event that personal, confidential or proprietary information is disclosed in response to an interrogatory, the answering party may designate the response as confidential by conspicuously stamping or marking the interrogatory answer with the word "CONFIDENTIAL." The Parties may also in good faith designate deposition testimony that reveals personal, confidential, or proprietary information as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Protective Order. The Parties also may, within twenty-one (21) days after receiving a deposition transcript, designate in good faith any portion (by page and line number) thereof, and/or any exhibits thereto, as confidential by notifying counsel for all parties via electronic mail.

3.

Materials, interrogatory responses, and deposition testimony or transcripts (including exhibits thereto) produced or obtained in this action and designated as confidential pursuant to this Protective Order shall be used solely for the purpose of this litigation and shall not be disclosed to any person except as allowed in this Protective Order or pursuant to further agreement between the Parties or order of the Court. For purposes of this Protective Order, "disclosure" means giving or showing the Materials, interrogatory responses, or deposition testimony or transcript to another person, quoting from the Materials, interrogatory responses, or deposition testimony or transcript, or otherwise directly or substantially revealing the contents of any of the foregoing.

4.

The use of any Materials, interrogatory responses, or deposition testimony or transcripts (including exhibits thereto) subject to this Protective Order shall be restricted to the following persons, absent further agreement between the parties or order of the Court:

(a) the Parties;

(b) Counsel for the Parties, including their respective paralegals and clerical employees;

(c) Consultants, investigators, experts, or vendors employed by the Parties or their respective counsel for purposes to assist in this litigation;

(d) Any stenographic reporter who is engaged by the Parties or the Court during the litigation of this case;

(e) Witnesses or prospective witnesses in this case, including but not limited to persons requested by counsel to furnish technical or other expert service, to give

testimony or to prepare for any deposition, hearing, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this Protective Order and not disclose the Materials, interrogatory responses, or deposition testimony or transcripts to any party or person outside this litigation;

(f) The Court and its personnel or a jury;

(g) Any person or entity to whom disclosure is required by law; and

(h) Any other person or entity agreed upon in writing by the Parties.

## 5.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time up to twenty-one (21) days prior to the trial of this action. Any Party or Non-Party seeking to challenge a confidentiality designation within 21 days of the trial date must show good cause for its failure to challenge the designation prior to this deadline. A Party that challenges a designation of CONFIDENTIALITY (the "Challenging Party") does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge to the Party that designated the material CONFIDENTIAL (the "Designating Party"). To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall utilize the discovery dispute procedure set forth in the Case Management Order governing this action.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Challenges to designations of materials lodged with the Court shall be presumed legitimate unless in violation of a specific Court order in the case about such material. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.

Within sixty (60) days of final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Protective Order shall destroy or return all

4829-4821-3894.5

5

Case 3:18-cv-01321   Document 22-1   Filed 07/17/19   Page 6 of 11 PageID #: 130

Materials subject to this Protective Order to the producing party, including any and all copies, prints, negatives, or summaries, and including any and all copies, prints, negatives, and summaries in the possession of employees, experts, or consultants employed or retained by counsel for the parties, except those items compromising any appellate record, trial court record, privileged communications, or attorney work product. Counsel may retain any Materials necessary to comply with laws, rules, and regulations, and to protect themselves from claims under their professional liability policies. The returning party shall also certify in writing that it has complied with this Paragraph of the Protective Order upon destroying or returning all such Materials. For purposes of this Paragraph, interrogatory responses and deposition transcripts (including exhibits thereto) shall be deemed part of the record in this case, and need not be destroyed, regardless of any designations of confidentiality, but to the extent of any designations of confidentiality hereunder, shall continue to be subject to the non-disclosure provisions of this order.

7.

Whenever any Materials, interrogatory responses, or deposition testimony or transcripts (including exhibits thereto) designated by either party as confidential are entered into the record, the Parties shall seek to file the foregoing either (a) under seal or (b) with appropriate redactions, except when such Materials are used at trial. If the Parties seek to file any Materials, interrogatory responses, or deposition testimony or transcripts (including exhibits thereto) designated by either party as confidential under seal, they shall comply with the Court's requirements set forth in Section 10 of the Parties Initial Case Management Order, L.R. 5.03 and L.R. 7.01 of the Local Rules of Court for the United States District Court, Middle District of Tennessee, as well as Section 5.07 of Administrative Order No. 167-1, when doing so.

Notwithstanding any of the provisions of this Protective Order, confidential information may be offered at trial. If either party maintains that confidential information should not be offered at trial, then that party must file an appropriate motion *in limine* or timely and appropriately object thereto.

8.

The following provisions shall govern the steps that will be taken if it is discovered that any of the Materials, information, interrogatory responses, or deposition testimony or transcripts (including exhibits thereto) that are subject to applicable privileges or the work-product doctrine have been inadvertently produced (collectively, "Inadvertently Produced Materials"):

(a) If the producing party discovers that it has produced Inadvertently Produced Materials, the producing party shall notify any receiving party within fourteen (14) days of discovery of the error. Within fourteen (14) days of receipt of such notice, any receiving party shall return all copies of the Inadvertently Produced Materials to the producing party and shall remove electronic copies of the Inadvertently Produced Materials from the receiving party's electronic systems or review databases and obtain all copies of the Inadvertently Produced Materials that have been disseminated to others within and outside the receiving party's organization. However, within fourteen (14) days of receipt of such notice, if a receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, contact the Court and provide it with one (1) copy of the disputed Inadvertently Produced Materials for *in camera* review together with an explanation as to why the Inadvertently Produced Materials should not be deemed privileged or protected. The producing party shall then have fourteen (14) days to contact the Court and/or make a

submission to the Court regarding why the disputed Inadvertently Produced Materials should be considered privileged or protected.

(b) Where a party who received Materials that reasonably may be deemed to constitute Inadvertently Produced Materials becomes aware of same, that party shall promptly notify the producing party of such production and shall take reasonable steps to avoid further disclosure of such Inadvertently Produced Materials.

(c) The fact that Inadvertently Produced Materials are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable privilege(s) and/or the attorney work-product doctrine, either in this case or in any other legal action, arbitration or proceeding of any kind. The fact that Inadvertently Produced Materials are returned by the receiving party shall not be construed as an admission by the receiving party that the Inadvertently Produced Materials are in fact subject to applicable privilege(s) or the attorney work-product doctrine. A party shall be entitled to rely on these non-waiver provisions regardless of when the Inadvertently Produced Materials are discovered and regardless of who discovers the Inadvertently Produced Materials.

(d) This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.

9.

This Protective Order shall not impair the right of a party to assert any defense or objection to the discovery, production, use, relevance, or admissibility of any Materials, information, interrogatory responses, or deposition testimony, transcripts, or exhibits, whether or not they are subject to the terms of this Protective Order.

**SO ORDERED** this ___ day of _____, 2019.

_____
HON. WILLIAM J. CAMPBELL, JR.
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF TENNESSEE

APPROVED FOR ENTRY:

s/ Heath H. Edwards
Robert E. Boston (BPR # 009744)
Stanley E. Graham (BPR # 019788)
Heath H. Edwards (BPR # 034076)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219-1760
615-244-6380
615-244-6804 (fax)
bob.boston@wallerlaw.com
stan.graham@wallerlaw.com
heath.edwards@wallerlaw.com

*Attorneys for Defendant Meredith Corporation*


s/ Kenneth S. Byrd (with permission)
Mark P. Chalos (BPR #19328)
Kenneth S. Byrd (BPR #023541)
John T. Spragens (BPR #031445)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
615-313-9000
615-313-9965 (fax)
mchalos@lchb.com
kbyrd@lchb.com
jspragens@lchb.com

Kelly M. Dermody (admitted pro hac vice)
Michelle A. Lamy (admitted pro hac vice)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111
415-956-1000
415-956-1008 (fax)
kdermody@lchb.com
mlamy@lchb.com

*Attorneys for Plaintiff Demetria Kalodimos*

4829-4821-3894.5

10